**Francisco MAURICIO, Appellant**

v.

**Carmina CASTRO, Appellee.**

**No. 05–08–00885–CV.**

Court of Appeals of Texas, Dallas.

June 15, 2009.

478

Christopher J. Snead and Theodore Cassiday Keramidas, Keramidas and Associates, Richardson, TX, for Appellant.

Clifford Duke, Todd Eric Tkach, Eric A. Laue, Dallas, TX, for Appellee.

Before Justices MORRIS, WRIGHT, and MOSELEY.

## OPINION

Opinion by Justice MOSELEY.

Carmina Castro sued Francisco Mauricio for personal injuries within the applicable statute of limitations period, but Mauricio was not served until after limitations had run. The trial court overruled Mauricio's motion for directed verdict based on limitations and rendered judgment against Mauricio based on the jury's verdict. Mauricio appeals. Because Castro presented no evidence explaining the delay in service of process, we conclude the trial court erred in denying Mauricio's motion for directed verdict. We reverse the trial court's judgment in favor of Castro and render judgment that Castro take nothing.

## BACKGROUND

On October 19, 2004, Mauricio's and Castro's vehicles collided at an intersection. Fourteen days before the applicable statute of limitations expired, Castro filed this negligence suit against Mauricio to recover monetary damages for injuries stemming from the accident. The clerk issued the citation on the same day suit was filed, but Mauricio was not served with the citation and petition until November 20, 2006, thirty-one days after limitations had expired.

Mauricio raised the limitations defense in his pleadings, arguing the suit was barred by limitations because he was not served until after limitations expired, and that Castro had not exercised due diligence to effectively bring suit within the two-year time limitations period. Mauricio later admitted liability, but maintained the suit was barred by limitations.

Mauricio continued to assert the limitations defense at trial. After Castro rested, Mauricio moved for a directed verdict arguing Castro failed to offer any evidence of due diligence in obtaining service. The trial court denied the motion and stated Castro clearly proved the delay of only thirty-one days in obtaining service was diligent as a matter of law. Mauricio also objected to the charge based on its omission of a jury question asking whether Castro was diligent in obtaining service, and requested such a question in writing. The trial court denied the objection and request.

The jury awarded damages in favor of Castro against Mauricio. The trial court rendered judgment on the verdict. Mauricio's motion for new trial was overruled by operation of law. Mauricio appeals bringing two issues. In his first issue he asserts that the trial court erred by denying his motion for directed verdict on his statute of limitations defense

## STANDARD OF REVIEW

■ The standard of review for the denial of a directed verdict is a legal sufficiency or "no evidence" standard of review. *Brookshire Bros., Inc. v. Wagnon,* 979

S.W.2d 343, 351 (Tex. App.-Tyler 1998, pet. denied). In reviewing the legal sufficiency of the evidence, we view the evidence in the light favorable to the fact finding, crediting favorable evidence if reasonable persons could, and disregarding contrary evidence unless reasonable persons could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex.2005).

■ A directed verdict for a defendant may be proper in two situations: when a plaintiff fails to present evidence raising a fact issue essential to the plaintiff's right of recover, or if the plaintiff either admits or the evidence conclusively establishes a defense to the plaintiff's cause of action. *Prudential Ins. v. Fin. Review Servs*, 29 S.W.3d 74, 77 (Tex.2000).

### APPLICABLE LAW

■ A personal injury lawsuit is governed by a two-year statute of limitations. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 2008). Merely filing a lawsuit is not sufficient to avoid the expiration of a statute of limitations. *See Boyattia v. Hinojosa*, 18 S.W.3d 729, 733 (Tex. App.-Dallas 2000, pet. denied). To "bring suit," a plaintiff must file his action and have the defendant served with process. *Id.* A timely filed suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation. *Murray v. San Jacinto Agency, Inc.* 800 S.W.2d 826, 830 (Tex. 1990). If service is diligently effected after limitations has expired, the date of service will relate back to the date of filing the suit. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex.1990); *see Boyattia*, 18 S.W.3d at 733. The duty to exercise diligence continues until service of process is achieved. *Id.*

■ Whether a plaintiff exercised due diligence in obtaining the issuance and service of citation is usually a fact issue; however, if no excuse is offered for a delay in procuring service of citation, or if the lapse of time and the plaintiff's acts are such as conclusively negate diligence, a lack of diligence will be found as a matter of law. *Perry v. Kroger Stores,* 741 S.W.2d 533, 534 (Tex.App.-Dallas 1987, no writ). Texas courts have consistently held that lack of diligence may be shown based on unexplained lapses of time between the filing of the suit, issuance of the citation, and service of process. *See Boyattia,* 18 S.W.3d at 733.

■ When a defendant has affirmatively pled the limitations defense and shown that service was effected after the limitations period expired, the burden shifts to the plaintiff to explain the delay. *Proulx v. Wells,* 235 S.W.3d 213, 216 (Tex. 2007). It is then the plaintiff's burden to present evidence regarding the efforts that were made to serve the defendant. *Id.* Whether or not a plaintiff has exercised due diligence is a fact question determined by a two-prong test: (1) whether the plaintiff acted as an ordinary prudent person would have acted under the same or similar circumstances; and (2) whether the plaintiff acted diligently up until the time the defendant was served. *Hodge v. Smith,* 856 S.W.2d 212, 215 (Tex.App.-Houston [1st Dist.] 1993, writ denied).

### ANALYSIS

■ Castro's claim accrued when the accident occurred on October 19, 2004; therefore, as noted above, the applicable limitations period expired on October 19, 2006. The record indicates that Castro filed the suit alleging negligence on October 6, 2006, and Mauricio was served with citation thirty-one days after the statute of limitations period expired—on November 20, 2006. Thus, the burden shifted to Castro to explain the delay. *Proulx,* 235 S.W.3d at 216. Absent some evidence that Castro exercised due diligence in effecting service, Mauricio conclusively established

his limitations defense. *See Hodge,* 856 S.W.2d at 215.

Citation was issued the same day the suit was filed. The return of service, which was not offered in evidence before the jury, indicates the private process server received the citation on October 13, 2006—still within limitations—but did not serve the citation until November 20, 2006. The return contains no explanation for the delay and does not record any attempts at service. Castro offered no evidence at trial to explain the thirty-one day delay between the expiration of limitations and the service of process. Additionally, the record shows that Mauricio was served at his home, where he had lived for thirteen years, and which bore the same address as that stated in Castro's petition and the police report from the accident.

The trial court ruled that Castro exercised due diligence as a matter of law by serving Mauricio within six weeks of filing suit. Castro contends that the trial court can make this determination, subject only to review for abuse of discretion. We disagree. Whether a plaintiff exercised due diligence in obtaining service, such as to allow the date of service to relate back to the date of suit for limitations purpose, is ordinarily a question of fact. *See Perry,* 741 S.W.2d at 534. Castro's position would negate Mauricio's right to a jury trial on his affirmative defense, and would avoid the standard of review for a directed verdict on that affirmative defense altogether.

Moreover, in the cases where due diligence was found in periods greater than the case at bar, there was some evidence showing either efforts by the process server, or the plaintiff to effectuate the service during the period. *See Proulx,* 235 S.W.3d at 217 (no lack of diligence found when plaintiff hired two process servers and two private investigators whom attempted service thirty times at five differ-ent addresses), *Ray v. O'Neal,* 922 S.W.2d 314, 317–18 (Tex.App.–Fort Worth 1996, writ denied) (genuine issue of material fact existed on amount of time defendant was out of the state during attempts of service), *Tate v. Beal,* 119 S.W.3d 378, 381 (Tex.App.-Fort Worth 2003, pet. denied) (fact issue existed on whether plaintiff acted as an ordinary prudent person obtaining service when attempts were made to an incorrect address on the original citation and plaintiff took time to obtain defendant's correct address, request a second citation, and hire a private process server). In cases of relatively short delay, such as here, it may take little evidence to prove that, as a matter of fact, the plaintiff acted as a reasonably prudent person and was diligent in obtaining service; however, it does take *some* evidence. We have none.

In the case at bar, Mauricio made the court aware of the dates of service of process and the expiration of the statute of limitations. Castro then had the burden to explain the delay in service and show her due diligence in obtaining service. *See Proulx,* 235 S.W.3d at 216; *Perry,* 741 S.W.2d at 534. Because Castro presented no evidence at trial to explain the lapse of thirty-one days from the time the statute of limitations expired to the time Mauricio was served with the citation and petition, Mauricio was entitled to a directed verdict in his favor.

We sustain Mauricio's first issue. As this issue is dispositive, we need not address Mauricio's remaining issue. *See* Tex.R.App. P. 47.1.

## Conclusion

We reverse the trial court's judgment and render judgment that Castro take nothing from Mauricio.