In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00277-CV
_____

PATTY CUMPIAN, Appellant

V.

REYNA VENTURA AND BLAS VENTURA, Appellees

On Appeal from the County Court at Law No. 2
Montgomery County, Texas
Trial Cause No. 16-01-00054-CV

**MEMORANDUM OPINION**

Patty Cumpian, Appellant, appeals from the trial court's grant of traditional summary judgment based on limitations in favor of Reyna and Blas Ventura, Appellees.

**Background**

This case arises from an auto accident involving Patty Cumpian and Reyna Ventura that occurred on January 3, 2014. It is undisputed that, for any alleged

1

negligence in the accident, the applicable limitations period was two years.[1] The two year anniversary of the collision, January 3, 2016, fell on a Sunday. Cumpian filed suit against Reyna Ventura and Blas Ventura for negligence on Monday, January 4, 2016, two years and one day after the accident. Cumpian requested issuance of citation on January 5, 2016. The District Clerk of Montgomery County issued the citations on that date and mailed them to Cumpian's counsel. Cumpian served the Venturas with the lawsuit on March 16, 2016, seventy-one days after she filed suit.

The Venturas pleaded the affirmative defense of limitations. They then moved for a traditional summary judgment, arguing that the suit was barred by limitations and that Cumpian did not exercise due diligence in serving them. Cumpian responded that her suit was not barred by limitations and that, while she did not serve the Venturas until after limitations had run, she did exercise diligence in serving them.

In support of her response, Cumpian filed affidavits from two of her trial attorneys: two from H. Emerson Grogro, and one from Anthony Bannwart. The Venturas objected to the affidavits on various grounds. The trial court struck portions

---

[1] *See* Tex. Civ. Prac. & Rem. Code § 16.003(a) (West 2017) ("Except as provided by Sections 16.010, 16.0031, and 16.0045, a person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues.").

of the first Grogro affidavit and struck the second Grogro affidavit as well as the Bannwart affidavit in their entirety. On appeal, Cumpian challenges only the exclusion of the Bannwart affidavit.

At oral argument, the parties conceded that the lawsuit was timely filed on the last day of the limitations period.[2] Therefore, we will address only the issue of whether Cumpian presented sufficient summary judgment evidence to show that she exercised due diligence in serving the Venturas after the limitations period had expired. Because this Court concludes that the trial court's error, if any, in excluding the Bannwart affidavit in its entirety was harmless, we affirm the judgment of the trial court.

## II. Standard of Review

"Whether to admit or exclude evidence is a matter committed to the trial court's sound discretion." *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001). As such, this Court reviews a trial court's decision to exclude evidence for an abuse of discretion. *Farrell v. Regent Care Ctr. of The Woodlands, Ltd. P'ship*, No. 09-15-00230-CV, 2016 WL 7478395, at *6 (Tex. App.—Beaumont Dec. 29, 2016, no pet.) (mem. op.). "In addition to showing an abuse of discretion,

---

[2] If the last day of a limitations period falls on a Saturday, Sunday, or holiday, the period for filing suit is extended to include the next day that the county offices are open for business. Tex. Civ. Prac. & Rem. Code Ann. § 16.072 (West 2015).

a party complaining of error in the exclusion of evidence must also show that the trial court's error was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment." *Centurion Planning Corp. v. Seabrook Venture II*, 176 S.W.3d 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *see also* Tex. R. App. P. 44.1(a)(1).

### III. Due Diligence

When a plaintiff files suit within the limitations period, but obtains service on the defendant outside of the limitations period, the service may still be valid if the plaintiff exercised diligence in procuring service. *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009); *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) ("[A] timely filed suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation."). If a plaintiff diligently obtains service after the expiration of the statute of limitations, the date of service relates back to the date of filing. *Proulx*, 235 S.W.3d at 215. If a defendant affirmatively pleads the defense of limitations and shows that service occurred after the limitations deadline, the burden shifts to the plaintiff to prove diligence. *Ashley*, 293 S.W.3d at 179; *Proulx*, 235 S.W.3d at 216. The plaintiff must then present evidence regarding the efforts made to serve the defendant and "explain every lapse in effort or period of delay." *Proulx,* 235 S.W.3d at 216. "[T]he question of due

4

diligence is answered by looking at (1) the time taken to procure citation and/or service and (2) the type of effort or lack of effort the plaintiff expended in procuring service." *Webster v. Thomas*, 5 S.W.3d 287, 289–90 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Although the sufficiency of diligent effort is generally a question of fact, a lack of diligence may be found as a matter of law when no excuse is offered for a delay in the service of citation or if the lapse of time and the plaintiff's acts are such that they conclusively negate diligence. *Sharp v. Kroger Texas L.P.*, 500 S.W.3d 117, 120 (Tex. App.—Houston [14th Dist.] 2016, no pet.). A plaintiff's explanation of the efforts in obtaining service "may demonstrate a lack of diligence as a matter of law . . . when one or more lapses between service efforts are unexplained or patently unreasonable." *Proulx*, 235 S.W.3d at 216.

In response to the motion for summary judgment, Cumpian conceded that the defendants were served after the expiration of the applicable statute of limitations, but argued that she exercised due diligence in serving the defendants. She supplemented her response with an affidavit from her attorney in an effort to explain the delay in the service of citation:

> The private process server that we had previously engaged in Montgomery County, [NAME OMITTED 1], proved unreliable so, at my direction, my associate attorney sought recommendations for a new private process server in Montgomery County. Thereafter, at my direction, my associate attorney sought to engage the services of private process server [NAME OMITTED 2]. However, after [NAME

5

OMITTED 2] failed to communicate with my associate attorney on a number of occasions, it became clear that [NAME OMITTED 2] was also not reliable. Therefore, at my direction, my associate attorney then engaged the services of Mr. Paul Babb on March 15, 2016, who successfully served Defendants on March 16, 2016, one (1) day after receipt of the Citations, and less than two and one-half (2 1/2) months after Plaintiff's lawsuit was filed.[3]

Cumpian argues that such affidavit was wrongfully stricken from the record by the trial court and, if admitted, it at a minimum creates a genuine issue of material fact to preclude the summary judgment.

Assuming without deciding that the Bannwart affidavit was admissible, we find that the summary judgment evidence tendered by Cumpian does not create an issue of material fact as to whether Cumpian exercised due diligence in obtaining service of citation on the defendants in the underlying lawsuit. "In assessing diligence, the relevant inquiry is whether the plaintiff acted as an ordinary prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Proulx*, 235 S.W.3d at 216. Specifically, "[s]ummary judgment is proper if the plaintiffs' explanation of their service efforts is either legally improper to raise the diligence issue or demonstrates a lack of due diligence as a matter of law, 'as when one or more lapses between service efforts are

_____

[3] The names of the private process servers are omitted in the affidavit; they are not redactions or omissions made by this Court.

6

unexplained or patently unreasonable.'" *Kroemer v. Hartsfield*, No. 09-08-00462-CV, 2009 WL 4343266, at *3 (Tex. App.—Beaumont Dec. 3, 2009, pet. denied) (mem.op.) (quoting *Proulx*, 235 S.W.3d at 216). Any deficiency in the process server's performance is imputed to Cumpian. *See Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 590 (Tex. App.—Corpus Christi 1994, no writ). A court looks to "the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service." *Proulx*, 235 S.W.3d at 216; *see also Mauricio v. Castro*, 287 S.W.3d 476, 479 (Tex. App.—Dallas 2009, no pet.) ("Texas courts have consistently held that lack of diligence may be shown based on unexplained lapses of time between the filing of the suit, issuance of the citation, and service of process.").

Cumpian does not adequately explain her effort in procuring service during the seventy-one days after she filed suit. The proffered affidavit testimony leaves unexplained the timeline of the seventy-one days between the date citation was issued and the date service was obtained on the defendants. It does not appear from the record that there was any problem in locating the defendants or that the defendants were avoiding service. The affidavit faults a private process server for failing to communicate with the attorney "on a number of occasions," but fails to detail the efforts taken by the attorney to procure service of process. Without more,

7

the mere general assertion that two unnamed process servers were unreliable is insufficient as a matter of law to meet the plaintiff's burden of proof. We overrule Appellant's issue and affirm the judgment of the trial court.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on April 13, 2017
Opinion Delivered February 1, 2018

Before McKeithen, C.J., Kreger, and Horton, JJ.