**AFFIRM; and Opinion Filed February 15, 2024.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01363-CV**

**DERRICK WILLIAMS, Appellant**
**V.**
**KATHLEEN B. CLEAVELAND, Appellee**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-18036**

# MEMORANDUM OPINION

Before Justices Nowell, Miskel, and Kennedy
Opinion by Justice Kennedy

Derrick Williams appeals a summary judgment order dismissing his negligence claim against Kathleen B. Cleaveland. In a single issue, Williams urges the trial court erred in granting summary judgment based on his lack of due diligence in serving process on Cleaveland. We affirm the trial court's order granting Cleaveland summary judgment. Because all issued are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Williams and Cleaveland were involved in an automobile accident on Interstate 35 on December 19, 2019. Williams filed suit on December 16, 2021, asserting a claim of negligence against Cleaveland. The citation and petition were served on Cleaveland on July 12, 2022, more than 6 months after limitations ran. In addition to generally denying the allegations in Williams' petition, Cleaveland asserted Williams' claim was barred by limitations because he failed to effect service on her within the applicable limitations period.

On September 14, 2022, Cleaveland filed a motion for traditional summary judgment urging that while Williams timely filed suit, his more than 6-month delay in attempting service upon her establishes, as a matter of law, a lack of diligence requiring dismissal of his claim. In support of her motion for summary judgment, Cleaveland relied on: Plaintiff's Original Petition, establishing when Williams filed suit; the District Court Clerk's Citation issued on December 28, 2021; the District Court's Notice of Dismissal for Want of Prosecution dated May 17, 2022, setting the case for dismissal on June 17, 2022; Williams' Motion to Retain the case on the court's docket, dated June 14, 2022;[1] the District Court's Order Granting Williams' Motion to Retain; the Affidavit of Service showing Cleaveland was served the

---

[1] In his motion to retain, Williams claimed a process server had made multiple attempts to serve Cleaveland and stated, "Plaintiff needs additional time to have defendant(s) served." The motion was not verified or supported by an affidavit and, in response to Cleaveland's motion, Williams did not assert or establish with evidence that a process server made any attempt to serve Cleaveland before July 12, 2022.

citation and petition on July 12, 2022; and Cleaveland's Amended Answer asserting the affirmative defense of limitations.

In his response to the motion, Williams asserted that he was acting diligently and as an ordinary prudent person that had recently experienced the death of his father and that the delay was only due to his extenuating circumstances. In support of his response, Williams indicated that he was relying on: Plaintiff's Original Petition (Exhibit A); Letter to Clerk Requesting Citation and Citation for Defendant Kathleen B. Cleaveland (Exhibit B); and Clerk's Citation of Service (Exhibit C). Attached to his response was Exhibit A—Plaintiff's Original Petition; and Exhibit C—an undated Request to Obtain Citation bearing the caption of the case and stating, "I am requesting a new citation to be issued so service can be performed." The response did not include an Exhibit B.

Cleaveland filed a reply urging Williams failed to raise a fact issue in response to her evidence establishing his claim was barred by limitations.

On November 30, 2022, the trial court signed an order granting "[Cleaveland's] Motion for Summary Judgment based on [Williams'] lack of diligence in serving [Cleaveland]" and ordering that the suit be dismissed with prejudice. This appeal followed.

**DISCUSSION**

## I.      Standard of Review

We review the trial court's summary judgment decision de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985).  In doing so, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in favor of the nonmovant.  *Nixon*, 690 S.W.2d at 548–49.  Our review is limited to consideration of the evidence presented to the trial court.  *Mathis v. Restoration Builders, Inc.*, 231 S.W.3d 47, 52 (Tex. App.—Houston [14th Dist.] 2007, no pet.).  Statements made in the summary judgment motion, response and reply are not competent summary judgment evidence.  *See Kelly v. Ocwen Loan Servicing, LLC*, No. 02-14-00232-CV, 2016 WL 279262, at *3 (Tex. App.—Fort Worth Jan. 14, 2016, pet. denied) (mem. op.) (statements contained in response is not summary judgment evidence); *Morris v. Unified Hous. Found. Inc.*, No. 05-13-01425-CV, 2015 WL 4985599, at *6 (Tex. App.—Dallas Aug. 21, 2015, no pet.) (mem. op.) (statement in summary judgment response not competent evidence); *see also Nicholson v. Mem'l Hosp. Sys.*, 722 S.W.2d 746, 749 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) (summary judgment pleadings do not constitute summary judgment evidence).

## II. Applicable Law

A traditional summary judgment motion may be granted when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c); *Tex. Com. Bank, N.A. v. Grizzle*, 96 S.W.3d 240, 252 (Tex. 2002). To defeat a plaintiff's cause of action on a traditional motion for summary judgment, a defendant must either conclusively negate at least one element of each of the plaintiff's theories of recovery or conclusively establish each element of an affirmative defense, thereby rebutting plaintiff's claim. *Pollard v. Hanschen*, 315 S.W.3d 636, 638 (Tex. App.—Dallas 2010, no pet.). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Kastner v. Jenkens & Gilchrist, P.C.*, 231 S.W.3d 571, 577 (Tex. App.—Dallas 2007, no pet.).

Here, Cleaveland sought traditional summary judgment on her affirmative defense of limitations. A suit for personal injuries must be brought within two years from the time the cause of action accrues. TEX. CIV. PRAC. & REM. CODE § 16.003(a). But a timely filed suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation. *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007). If service is diligently effected after limitations has expired, the date of service will relate back to the date of filing. *Id.* The duty to exercise diligence continues until service of process is achieved. *Broom v. MacMaster,* 992 S.W.2d 659, 664 (Tex. App.— Dallas 1999, no pet.).

In *Proulx*, the Texas Supreme Court clarified that once a defendant has affirmatively pleaded the limitations defense and shown that service was effected *after* limitations expired, the burden shifts to the plaintiff to explain the delay. *Proulx*, 235 S.W.3d at 216; *see also Mauricio v. Castro*, 287 S.W.3d 476, 479 (Tex. App.—Dallas 2009, no pet.). Thus, if the defendant establishes service was effected after limitations ran, the plaintiff then has the burden to present evidence regarding the efforts that were made to serve the defendant and to explain every lapse in effort or period of delay. *Proulx*, 235 S.W.3d at 216 (citing *Gant v. Deleon*, 786 S.W.2d 259, 260 (Tex. 1990)); *Mauricio*, 287 S.W.3d at 479. If the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient. *Proulx*, 235 S.W.3d at 216 (citing *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975)). In some instances, the plaintiff's explanation may be legally improper to raise the diligence issue and the defendant will bear no burden at all. *Id.*

## III. Application of Law to Facts

Williams' claim accrued when the accident occurred on December 19, 2019, and therefore, the applicable limitations period expired on December 19, 2021. Cleaveland presented summary judgment evidence establishing Williams filed suit on December 16, 2021, and she was served with process over six months later on July 12, 2022. Accordingly, Cleaveland fulfilled her initial burden of establishing

service was effected after the expiration of the limitations period. *See Proulx*, 235 S.W.3d at 216. The burden then shifted to Williams to present evidence regarding the efforts he made to serve Cleaveland, and to explain every lapse in effort or period of delay. *Id.*

To determine if the plaintiff has raised a fact issue concerning his exercise of diligence, we examine whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances, and whether he acted diligently in effecting service up until the time the defendant was served. *See Quezada v. Fulton*, No. 05-13-01545-CV, 2014 WL 8060589, at *2 (Tex. App.—Dallas Dec. 18, 2014, no pet.) (mem. op.); *Tate v. Beal*, 119 S.W.3d 378, 381 (Tex. App.—Fort Worth 2003, pet. denied).

Williams' response to Cleaveland's motion for summary judgment contained two exhibits as evidence: a copy of his Original Petition and a copy of his Motion to Obtain a Copy of Citation. Neither of these exhibits raise a fact issue as to diligence because they provide no explanation for the delay between December 16, 2021 (when the lawsuit was filed), and July 12, 2022 (when Cleaveland was served). The only explanation for the delay is set forth in the body of his response indicating he had recently experienced the death of his father and that the delay was only due to his extenuating circumstances. While we recognize the loss of a parent can be a traumatic event, Williams' unsworn statement is not summary judgment evidence, and, nevertheless, it is insufficient to raise a fact issue on diligence during the period

–7–

between filing and service, as it is not an explanation of the diligence exercised, but rather an explanation as to why diligence was not exercised. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979) (response to motion for summary judgment motion is a pleading and does not, standing alone, constitute competent summary judgment evidence); *see also Morris*, 2015 WL 4985599, at *6 ("But statements in a summary judgment response are not competent evidence, even if the response is verified.").

We recognize that the existence of diligence is usually a question of fact. *See Perry v. Kroger Stores Store No. 119*, 741 S.W.2d 533, 534 (Tex. App.—Dallas 1987, no writ). However, if no explanation consistent with due diligence is offered, the reasonableness of a plaintiff's delay cannot be factually determined. *See id.*; *Liles v. Phillips*, 677 S.W.2d 802, 809 (Tex. App.—Fort Worth 1984, writ ref'd n.r.e.). As to evidence concerning the issuance of citation and service of process on Cleaveland, the record contains only the District Court Clerk's Citations, showing citations issued on December 28, 2021, and on July 11, 2022, and the affidavit of service, which established the citation and petition were served on Cleaveland on July 12, 2022, at 718 Mulberry Dr., Athens, Texas 75751, the same address identified in Williams' Original Petition as the address for service of process, that was filed almost seven months before. *See Mauricio*, 287 S.W.3d at 480 (noting Mauricio was served at his home, which bore the same address as that stated in Castro's petition). Williams did not present any evidence that he attempted to serve

–8–

Cleaveland at any time prior to July 12, 2022, nor did he provide a verified or sworn explanation for the more than six-month delay in serving her. On the record before us, we are compelled to conclude that Williams failed to exercise due diligence as a matter of law. *See, e.g.*, *Ashley v. Hawkins*, 293 S.W.3d 175, 180–81 (Tex. 2009) ("We agree with the trial court and hold that, as a matter of law, Hawkins' responses do not create a fact issue as to diligence, as this eight-month gap in time is left unexplained."); *Webster v. Thomas*, 5 S.W.3d 287, 291 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (holding no due diligence as a matter of law when evidence showed plaintiff's actions over four months were not designed to procure the issuance and service of citation); *Butler v. Ross*, 836 S.W.2d 833, 836 (Tex. App.—Houston [1st Dist.] 1992, no writ) (holding five-and-a-half months of inactivity and no service efforts between failed attempts at the wrong address and proper service at the correct address constituted a lack of due diligence); *Hansler v. Mainka*, 807 S.W.2d 3, 5 (Tex. App.—Corpus Christi–Edinburg 1991, no writ) (stating that request for service five months after suit was filed affirmatively demonstrated lack of due diligence). Accordingly, the trial court did not err by granting Cleaveland's motion for summary judgment. We overrule Williams' sole issue.

## CONCLUSION

We affirm the trial court's judgment.

/Nancy Kennedy/

NANCY KENNEDY

JUSTICE

221363F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DERRICK WILLIAMS, Appellant

No. 05-22-01363-CV     V.

KATHLEEN B. CLEAVELAND, Appellee

On Appeal from the 134th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-21-18036. Opinion delivered by Justice Kennedy. Justices Nowell and Miskel participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee KATHLEEN B. CLEAVELAND recover her costs of this appeal from appellant DERRICK WILLIAMS.


Judgment entered this 15th day of February 2024.