**Reversed and Rendered and Memorandum Opinion filed July 2, 2024.**



In The

# 𝕱𝓸𝓾𝓻𝓽𝓮𝓮𝓷𝓽𝓱 𝕮𝓸𝓾𝓻𝓽 𝓸𝓯 𝕬𝓹𝓹𝓮𝓪𝓵𝓼

---

### NO. 14-23-00556-CV

---

**FORT BEND COUNTY AND FORT BEND COUNTY CONSTABLE 3, WAYNE THOMPSON, IN HIS OFFICIAL CAPACITY, Appellants**

**V.**

**BILL GUERRERO, Appellee**

---

**On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 18-DCV-257000**

---

## M E M O R A N D U M   O P I N I O N

Fort Bend County and a county constable (in his official capacity) appeal the denial of their plea to the jurisdiction in this whistleblower case. The dispositive issue is whether the plaintiff invoked the trial court's jurisdiction by timely suing within the applicable limitations period. Although the plaintiff filed his lawsuit on the last day of the limitations period, the record does not show that he diligently attempted service on appellants after filing his petition and up to the time service

was achieved. Under Texas law, therefore, appellee did not timely sue within the limitations period, which constitutes a jurisdictional defect when, as here, the suit is against a governmental entity. For this reason, the trial court erred in denying appellants' plea to the jurisdiction. Accordingly, we reverse the trial court's order denying appellants' plea to the jurisdiction and render judgment dismissing the plaintiff's suit.

## Background

Appellee Bill Guerrero was a lieutenant employed by Fort Bend County Constable, Precinct 3. Wayne Thompson was the elected constable for Precinct 3. According to Guerrero's petition, he reported a violation or violations of law allegedly committed by the constable's office. Subsequently, the constable's office terminated Guerrero's employment on August 17, 2018. Ninety days later, on November 15, 2018, Guerrero sued the County and Thompson (in his official and individual capacities) for retaliation under the Whistleblower Act. *See* Tex. Gov't Code § 554.002.

Appellants filed a plea to the jurisdiction. They argued that Guerrero's claims must be dismissed because he failed to sue within the applicable limitations period. Specifically, appellants contended that Guerrero did not exercise due diligence in serving appellants after the limitations period expired, which deprived the court of jurisdiction. In response, Guerrero argued that he filed suit within the statute of limitations and that the Whistleblower Act did not require diligence in service as a jurisdictional requirement.

The trial court granted the plea in part, dismissing all claims against Thompson in his individual capacity, and denied the plea in part as to all claims against the County and Thompson in his official capacity. Appellants filed this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8).

**Analysis**

Appellants present three issues for review: (1) whether the trial court lacks jurisdiction over Guerrero's suit because he did not diligently attempt service of process after filing his suit on the last day of the limitations period; (2) whether Constable Thompson can be sued in his official capacity under Chapter 554 of the Government Code when he is not alleged to be a unit of a state or local government; and (3) whether a private litigant can sue to collect the civil penalty provided in section 554.008 of the Texas Government Code.[1] Because appellants' first issue is dispositive, we begin and end there. *See* Tex. R. App. P. 47.1.

The Whistleblower Act states that a state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority. Tex. Gov't Code § 554.002(a). The act contains an immunity waiver, stating:

> A public employee who alleges a violation of this chapter may sue the employing state or local governmental entity for the relief provided by this chapter. Sovereign immunity is waived and abolished to the extent of liability for the relief allowed under this chapter for a violation of this chapter.

*Id.* § 554.0035.[2]

---

[1] In an amended petition, Guerrero asserted a cause of action against Thompson for recovery of the civil penalty under section 554.008 of the Government Code. *See* Tex. Gov't Code § 554.008(a) ("A supervisor who in violation of this chapter suspends or terminates the employment of a public employee or takes an adverse personnel action against the employee is liable for a civil penalty not to exceed $15,000.").

[2] The County is a governmental unit of the State and is immune from suit unless a plaintiff establishes a valid waiver. *See Catalina Dev., Inc. v. County of El Paso*, 121 S.W.3d 704, 705 (Tex. 2003). Under Texas law, a suit against a government employee in his official capacity is a suit against his government employer with one exception: an action alleging that the

3

Under the act, the employee "must sue" not later than the ninetieth day after the date on which the employer's alleged violation occurred or was discovered by the employee through reasonable diligence.[3] *See id.* § 554.005. The parties dispute whether the words "must sue" mean merely filing suit regardless when service is effected (Guerrero's position) or filing suit and effectuating service (appellants' position).

Section 554.005 is titled "Limitation Period." While such a heading cannot limit or expand the statute's meaning, *id.* § 311.024, the heading "gives some indication of the Legislature's intent," *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010) (internal quotation omitted). We are confident that the Legislature intended section 554.005 to be a statute of limitations, as that term is traditionally understood.[4] We construe the words "must sue" in the same vein as analogous language in other statutes of limitations, such as "bring suit." *See, e.g.*, Tex. Civ. Prac. & Rem. Code § 16.003 (statute of limitations for certain tort claims: "a person must bring suit" not later than two years); *see also* Tex. Lab. Code § 21.256 (statute of limitations for employment discrimination claims: "suit may not be brought" later than two years).

As the Supreme Court of Texas recently noted in the context of suits against governmental entities, the phrase "bring suit" reflects "the traditional requirements to satisfy a statute of limitations," namely "filing the petition *and* achieving service of process." *Tex. State Univ. v. Tanner*, 689 S.W.3d 292, 2024 WL 1945340, at *4

employee acted *ultra vires*. *See Franka v. Velasquez*, 332 S.W.3d 367, 382 & nn.68-69 (Tex. 2011). With that exception, an employee sued in his official capacity has the same governmental immunity, derivatively, as his government employer. *Id.* at 382-83 & n.70.

[3] This deadline can be extended in circumstances inapplicable here. *Id.*

[4] *See* "Limitation," Black's Law Dictionary (11th ed. 2019) ("3. A statutory period after which a lawsuit or prosecution cannot be brought in court. — Also termed *limitations period*; *limitation period*; *limitation of action*. See Statute of Limitations. Cf. Laches.").

4

(Tex. May 3, 2024) (emphasis original). In *Tanner*, the plaintiff filed suit within the applicable limitations period but did not effectuate service on the governmental unit defendant until long after limitations had expired. *Id.* at *1-2. When a plaintiff files suit within the applicable limitations period but service is not accomplished until after the limitations period expires, the late service of process can relate back to the date the petition was filed and thus the suit will be considered timely. *See id.* at *1, 3. But service achieved after the limitations period expires will not relate back to the petition's filing date unless the plaintiff diligently attempted service between the end of the limitations period and the date service is accomplished. *Id.* at *1, 3 (citing *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007)).

We interpret "must sue" under the Whistleblower Act in the same way as the supreme court construed "bring suit" in *Tanner*. Applying the act accordingly, the record conclusively shows that Guerrero did not satisfy the requirement that he "must sue" within the act's ninety-day limitations period. It is undisputed that Guerrero filed suit within the statutory time period. It is also undisputed, however, that Guerrero did not request service on appellants until forty-six days after the ninety-day period expired. Whether this late service prevented the running of limitations depends on whether Guerrero acted diligently to effect service up to the date service was accomplished. *Id.* at *3. The relevant inquiry in assessing diligence is whether the plaintiff "'acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served.'" *Id.* (quoting *Proulx*, 235 S.W.3d at 216). Any delay in service after limitations has run requires a non-conclusory explanation. *Id.* Diligence normally raises a fact question, but a plaintiff's explanation may show a lack of diligence as a matter of law "when one or more lapses between

5

service efforts are unexplained or patently unreasonable." *Proulx*, 235 S.W.3d at 216. To avoid dismissal (or, in a non-jurisdictional context, a take-nothing judgment), a plaintiff must "present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay." *Id.*

In response to appellants' plea, Guerrero argued that he exercised reasonable diligence to effectuate service. The earliest record in question is a January 4, 2019 email, memorializing a phone call between a County employee and a paralegal at Guerrero's lawyer's law firm concerning whether "the information was sufficient," ostensibly in regards to the service of citation. Thus, Guerrero's evidence shows a lapse in efforts to effectuate service of at least fifty days. However, appellants submitted a supplemental record showing that Guerrero first requested service on December 31, 2018. Even by this earlier date, the record shows a delay in requesting service of forty-six days after filing suit and the expiration of the limitations period.

Guerrero was required to present evidence explaining these delays. The only explanation offered was an affidavit from his attorney, who opined:

> . . . I can conclude that Ms. Sprovach and her support staff exercised reasonable diligence. This is based on personal observation as to how the office staff, and attorneys including Ms. Sprovach handled matters such as obtaining and effectuating service, especially in difficult situations during the time period in question.
>
> My expert opinion is supported by the review of records kept in the ordinary course of business in my law firm.

The above testimony is the type of conclusory statement that will not satisfy the claimant's burden under *Tanner*. Our review of the record reveals no satisfactory evidence establishing factually that Guerrero acted as an ordinarily prudent person would have acted under the same or similar circumstances and was

diligent up until the time appellants were served.  *See Tanner*, 2024 WL 1945340, at \*3.

This court consistently has held that due diligence is lacking as a matter of law when comparable unexplained lapses of time exist between filing suit, issuance of citation, and service.  *Tran v. Trejos*, No. 14-17-00998-CV, 2019 WL 962605, at \*3 (Tex. App.—Houston [14th Dist.] Feb. 28, 2019, no pet.) (mem. op.) (plaintiff failed to exercise due diligence when he did not explain lapse of forty-three days between expiration of limitations and service); *Sharp v. Kroger Tex. L.P.*, 500 S.W.3d 117, 119 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (citing *Li v. Univ. of Tex. Health Sci. Ctr. at Houston*, 984 S.W.2d 647, 652 (Tex. App.—Houston [14th Dist.] 1998, pet. denied)); *see also Mauricio v. Castro*, 287 S.W.3d 476, 480 (Tex. App.—Dallas 2009, no pet.) (plaintiff failed to exercise due diligence when he filed suit two weeks before limitations expired but offered no explanation for effecting service thirty-one days after limitations expired); *Rodriguez v. Tisman & Houser, Inc.*, 13 S.W.3d 47, 51-52 (Tex. App.—San Antonio 1999, pet. denied) (plaintiff failed to exercise due diligence even though service was accomplished a few weeks after limitations period expired).  Because Guerrero did not exercise diligence in serving appellants after limitations expired, we hold that he did not sue appellants timely under the Whistleblower Act.

The next question is whether compliance with section 554.005 is a jurisdictional prerequisite to suit.  The supreme court has squarely resolved this question.  Most recently, in *Tanner*, the supreme court stated:

> We accordingly hold that the statute of limitations, including the requirement of timely service, is jurisdictional *in suits against governmental entities*.  The University's plea to the jurisdiction was therefore a proper vehicle to address Tanner's alleged failure to exercise diligence in serving the University.

*Id.* at \*6 (emphasis added); *see also* Tex. Gov't Code § 311.034 (statutory prerequisites are jurisdictional requirements in all suits against a governmental entity). In an earlier decision specifically addressing the Whistleblower Act's limitations period, the court held, "[t]he ninety-day filing deadline [in the Whistleblower Act] is thus a jurisdictional statutory prerequisite to suit, and a claim that fails to meet that deadline may properly be disposed of by a jurisdictional plea." *City of Madisonville v. Sims*, 620 S.W.3d 375, 379 (Tex. 2020) (per curiam). This court has held similarly. *See Harris County v. Davidson*, 653 S.W.3d 318, 323 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (dismissing plaintiff's Whistleblower Act suit for lack of jurisdiction when he did not file within the act's jurisdictional deadline).

Following this binding precedent, we hold that appellants' plea to the jurisdiction was the proper vehicle to address Guerrero's failure to serve appellants within the limitations period and that, as explained above, appellants established their entitlement to dismissal as a matter of law.

## Conclusion

Although Guerrero timely filed his petition, his failure to diligently effectuate service of process on appellants after the limitations period expired did not prevent limitations from running. Thus, the trial court lacked jurisdiction over his suit and erred in denying appellants' plea to the jurisdiction. We sustain appellants' first issue, reverse the trial court's order, and render judgment dismissing Guerrero's suit for lack of jurisdiction.[5]

/s/    Kevin Jewell
       Justice

Panel consists of Justices Jewell, Bourliot, and Poissant.

---

[5] We need not reach appellants' remaining issues, regarding whether Thompson can be liable in his official capacity and whether a private litigant can sue to collect the civil penalty provided in section 554.008 of the Texas Government Code. Tex. R. App. P. 47.1.