Opinion issued April 18, 2019



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00122-CV

———————————

**LORETTA CUBA, Appellant**

**V.**

**OLIVIA EVONNE WILLIAMS, Appellee**

---

On Appeal from the 215th District Court
Harris County, Texas
Trial Court Case No. 2017-36144

---

## MEMORANDUM OPINION

Appellant, Loretta Cuba, challenges the trial court's order dismissing her negligence suit against appellee, Olivia Evonne Williams. In five issues, Cuba contends that the trial court erred in dismissing her suit.

We affirm.

**Background**

On May 30, 2017, Cuba filed her original petition, alleging that on June 6, 2015, Williams "rear ended" Cuba's car with her sport utility vehicle ("SUV"). According to Cuba, she sustained bodily injuries as a result of Williams's failure to "keep . . . lookout as a person of ordinary prudence would have kept under the same or similar circumstances" and Williams's operation of her SUV in a careless and reckless manner and "with [a] disregard for the public." Cuba brought a negligence claim against Williams and sought damages for past and future medical expenses, past and future physical pain and suffering, past and future mental anguish, and past and future physical impairment.

Williams generally denied Cuba's allegations and asserted the affirmative defense of statute of limitations, arguing that because Cuba did not exercise due diligence in serving her until after the statute of limitations had expired, the date of service did not relate back to the date of the filing of Cuba's original petition and Cuba's negligence claim was barred.

Subsequently, Williams filed a motion titled, "Motion to Show Cause as to Why [Cuba]'s Case Should not be Dismissed for Failing to Exercise Due Diligence in Serving [Williams]." In her motion, Williams asserted that under Texas law, "a person must bring suit for personal injury no[] later than two years after the day the

cause of action accrues,"[1] and to "bring suit" within the two-year statute of limitations, a plaintiff must not only file her suit within the limitations period, but also use diligence to have the defendant served with process. (Internal quotations omitted.) When a plaintiff files her original petition within the limitations period, but does not serve a defendant until after the limitations period has expired, the date of service relates back to the date of the filing of the petition if the plaintiff exercised diligence in effecting service. When a plaintiff does not exercise due diligence in serving the defendant until after the limitations period has expired, a timely filed suit will not interrupt the running of limitations. The duty to exercise diligence is a continuous one, extending from the date the original petition is filed until the date that service is obtained. An unexplained delay in effecting service constitutes a lack of diligence as a matter of law.

According to Williams, on May 30, 2017, Cuba filed her original petition, alleging that on June 6, 2015, a car accident occurred between Cuba and Williams and Cuba suffered injuries. Thus, pursuant to the two-year statute of limitations, Cuba was required to bring suit against Williams on or before June 6, 2017. Although Cuba filed her original petition within the limitations period, Williams was not served until September 14, 2017—after the limitations period had expired. Because Williams pled the affirmative defense of statute of limitations and the

---

[1]     *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a).

record showed that she was not served until September 14, 2017, after the limitations period had expired, Williams asserted that Cuba was required to prove due diligence in both the issuance of citation and the service of citation, which she could not do as a matter of law. Williams requested that the trial court dismiss with prejudice Cuba's negligence claim against her based on the affirmative defense of statute of limitations. In her motion, Williams also requested that the trial court take judicial notice of its own record.

In her response to Williams's motion, Cuba asserted that she timely filed her original petition seeking damages caused by Williams's negligence. On June 9, 2017, ten days after Cuba filed her original petition and only three days after the limitations period expired, Cuba's attorney "requested service of process on . . . Williams" and paid $77.00 "to Harris County Constable Alan Rosen, Precinct One to serve citation upon [Williams]." Thus, according to Cuba, she "was not negligent in placing a citation in the hands of a county constable for service of process on" Williams, and Cuba could not be responsible for the acts of the Harris County Constable or "for the timing of the Constable's office in serving" Williams. Cuba attached to her response the affidavit of her attorney and a receipt.

After a hearing of which no record was taken, the trial court granted Williams's motion based on the affirmative defense of statute of limitations and

dismissed Cuba's negligence claim against Williams with prejudice. Cuba filed a motion for new trial, which the trial court denied.

## Nature of Motion

In her first issue, Cuba argues that the trial court erred in dismissing her negligence claim against Williams because Williams filed a motion to show cause, rather than a motion for summary judgment, and "a show cause hearing [could] not be used to adduce evidence on the merits of [Williams]'s claim" that Cuba failed to use due diligence in serving Williams.

It is well settled that the nature of a motion is determined by its substance, rather than its title or caption. *See In re Brookshire Grocery Co.*, 250 S.W.3d 66, 72 (Tex. 2008) (orig. proceeding); *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980); *see also* TEX. R. CIV. P. 71; *Surgitek, Bristol–Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) ("We should not be so constrained by the form or caption of a [motion]."). The substance of a motion is gleaned from the body of the motion and the prayer for relief. *Finley v. J.C. Pace Ltd.*, 4 S.W.3d 319, 320 (Tex. App.—Houston [1st Dist.] 1999, no pet.). We examine the substance of Williams's motion and the relief sought to determine how to treat the motion. *See Poppe v. Poppe*, No. 01-08-00021-CV, 2009 WL 566490, at *2 (Tex. App.—Houston [1st Dist.] Mar. 5, 2009, no pet.) (mem. op.).

To prevail on a summary-judgment motion, a movant has the burden of proving that she is entitled to judgment as a matter of law and there is no genuine issue of material fact. TEX. R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). A defendant moving for summary judgment as a matter of law must either: (1) disprove at least one element of the plaintiff's cause of action, or (2) plead and conclusively establish each essential element of her affirmative defense. *Cathey*, 900 S.W.2d at 341; *Yazdchi v. Bank One, Tex., N.A.*, 177 S.W.3d 399, 404 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). Once the movant meets her burden, the burden shifts to the non-movant to raise a genuine issue of material fact precluding summary judgment. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Transcon. Ins. Co. v. Briggs Equip. Trust*, 321 S.W.3d 685, 691 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

Here, Williams filed a motion titled, "Motion to Show Cause as to Why [Cuba]'s Case Should not be Dismissed for Failing to Exercise Due Diligence in Serving [Williams]." However, she argued in her motion that she was entitled to judgment because she had proved her statute-of-limitations affirmative defense as a matter of law. *See* TEX. R. CIV. P. 166a(c) (summary judgment proper where evidence establishes no question of fact and movant entitled to judgment as matter of law); *see also* TEX. R. CIV. P. 94 (statute of limitations constitutes affirmative defense); *Tex. Underground, Inc. v. Tex. Workforce Comm'n*, 335 S.W.3d 670, 675

6

(Tex. App.—Dallas 2011, no pet.) (running of limitations period operates to prohibit assertion of cause of action and involves final disposition of case). More specifically, Williams asserted in her motion that Cuba was required to bring her negligence claim against Williams within two years of the parties' June 6, 2015 car accident.[2] And although Cuba filed her original petition on May 30, 2017, she did not serve Williams until September 14, 2017—after the limitations period had expired. Further, in her motion, Williams asserted that Cuba could not prove due diligence in both the issuance of citation and the service of citation as a matter of law, and she requested that the trial court dismiss with prejudice Cuba's negligence claim based on Williams's affirmative defense. *See Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991); *McIntosh v. Partridge*, No. 01-12-00368-CV, 2013 WL 1790229, at *3 (Tex. App.—Houston [1st Dist.] Apr. 25, 2013, no pet.) (mem. op.) ("[D]ismissal of an action with prejudice constitutes a final determination or an adjudication on the merits, and it operates as if the case ha[d] been fully tried and decided. An order dismissing a case with prejudice has full res judicata and collateral estoppel effect, barring subsequent re-litigation of the same causes of action or issues between the same parties." (internal citations omitted)). Cuba concedes that Williams relied on "cases involving motions for summary judgment" to support her arguments in her motion.

---

[2] *See id.*

Although Williams did not attach evidence to her motion, she did request that the trial court take judicial notice of its own record and relied on the trial court's record in her motion. *See* TEX. R. CIV. P. 166a(c) (summary-judgment proof need only be "on file at the time of the hearing, or filed thereafter and before judgment with permission of the court"); *Weisberg v. London*, No. 13-02-659-CV, 2004 WL 1932748, at \*6 (Tex. App.—Corpus Christ–Edinburg Aug. 31, 2004, no pet.) (mem. op.) ("When considering a summary-judgment motion, the trial court may judicially notice documents that are part of its record in the case at issue, since they are already on file and available for the court's consideration."); *Jones v. Jones*, 888 S.W.2d 849, 852–53 (Tex. App.—Houston [1st Dist.] 1994, no writ) (because trial court may take judicial notice of documents and orders which are part of its record, movant need not attach copies of such documents and orders to summary-judgment motion); *McMurry v. Aetna Cas. & Sur. Co.*, 742 S.W.2d 863, 867–68 (Tex. App.—Corpus Christi–Edinburg 1987, writ denied). And Williams's motion was filed twenty-one days prior to the hearing on her motion. *See* TEX. R. CIV. P. 166a(c); *see also Briggs v. Toyota Mfg. of Tex.*, 337 S.W.3d 275, 281 (Tex. App.—San Antonio 2010, no pet.) (although defendant asserted affirmative defense in motion to dismiss, record shows summary-judgment procedure utilized in connection with motion to dismiss, including filing motion twenty-one days prior to hearing and parties presenting evidence to support positions).

In her response, filed more than seven days prior to the hearing on Williams's motion, Cuba asserted that she timely filed her original petition, and on June 9, 2017, ten days after Cuba's original petition was filed and only three days after the limitations period had expired, Cuba's attorney "requested service of process on . . . Williams" and paid $77.00 "to Harris County Constable Alan Rosen, Precinct One to serve citation upon [Williams]." *See* TEX. R. CIV. P. 166a(c) (non-movant may file response no "later than seven days prior to the day of hearing"). Thus, according to Cuba, she "was not negligent in placing a citation in the hands of a county constable for service of process on" Williams and Cuba was not responsible for the acts of the Harris County Constable or "for the timing of the Constable's office in serving" Williams. Cuba attached to her response her attorney's affidavit and a receipt as evidence of her due diligence. *See Happy Jack Ranch, Inc. v. HH & L Dev., Inc.*, No. 03-12-00558-CV, 2015 WL 6832631, at *2 (Tex. App.—Austin Nov. 6, 2015, pet. denied) (mem. op.) (although plaintiffs complained defendant used motion to dismiss to assert affirmative defense of limitations, holding limitations issue properly before trial court "in a summary-judgment posture"); *Briggs*, 337 S.W.3d at 281 (although defendant asserted affirmative defense in motion to dismiss, record shows summary-judgment procedure utilized in connection with motion to dismiss, including parties presenting evidence to support positions); *see also Hunter v. Johnson*, 25 S.W.3d 247, 250 n.5 (Tex. App.—El Paso

2000, no pet.) (typically, after defendant files motion for summary judgment on limitations defense, plaintiff is given opportunity to respond to motion arguing limitations period has not expired).

Examining the substance of Williams's motion, we hold that Williams's "Motion to Show Cause as to Why [Cuba]'s Case Should not be Dismissed for Failing to Exercise Due Diligence in Serving [Williams]" should be considered a matter-of-law summary-judgment motion. *See Tex. Underground, Inc.*, 335 S.W.3d at 675–76 (affirmative defense such as statute of limitations usually raised in summary-judgment motion); *see also Briggs*, 337 S.W.3d at 281 (treating motion to dismiss as motion for summary judgment); *Poppe*, 2009 WL 566490, at *2–3; *Martin v. Dosohs I, Ltd.*, 2 S.W.3d 350, 354–55 (Tex. App.—San Antonio 1999, pet. denied); *Robinson v. Buckner Park, Inc.*, 547 S.W.2d 60, 61 n.1 (Tex. App.—Dallas 1977, writ ref'd n.r.e.) (treating dismissal with prejudice as summary judgment that plaintiff take nothing). And as such, the trial court's order granting Williams's motion and dismissing with prejudice Cuba's negligence claim based on the affirmative defense of statute of limitations, should be construed as an order granting a matter-of-law summary-judgment motion in favor of Williams. *See In re J.A.L.*, No. 14-16-00614-CV, 2017 WL 4128947, at *2 (Tex. App.—Houston [14th Dist.] Sept. 19, 2017, no pet.) (mem. op.); *Henny v. JPMorgan Chase Bank, N.A.*, No.

01-10-00476-CV, 2012 WL 524429, at \*3 (Tex. App.—Houston [1st Dist.] Feb. 16, 2012, no pet.) (mem. op.).

We overrule Cuba's first issue.

## Summary Judgment

In her second, third, fourth, and fifth issues, Cuba argues that the trial court erred in dismissing her negligence claim against Williams based on expiration of the statute of limitations because the trial court "unlawfully shifted the burden onto" Cuba, Williams "bore the burden to disprove diligence as a matter of law," "the issue of whether Cuba's actions manifested a 'bona fide intention' to have process served upon Williams" should have been submitted to the trier of fact, and "a fact question exist[ed] . . . precluding summary disposition."

### A.    Standard of Review

An appellate court reviews a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).  As previously noted, to prevail on a matter-of-law summary-judgment motion, a movant has the burden of proving that she is entitled to judgment as a matter of law and there is no genuine issue of material fact.  TEX. R. CIV. P. 166a(c); *Cathey*, 900 S.W.2d at 341. When a defendant moves for summary judgment on an affirmative defense, she must plead and conclusively establish each essential element of her defense, thereby defeating the plaintiff's cause of action.  *Cathey*, 900 S.W.2d at 341; *Yazdchi*, 177

11

S.W.3d at 404. Once the movant meets her burden, the burden shifts to the non-movant to raise a genuine issue of material fact precluding summary judgment. *Centeq Realty, Inc.*, 899 S.W.2d at 197; *Transcon. Ins. Co.*, 321 S.W.3d at 691. The evidence raises a genuine issue of fact if reasonable and fair-minded fact finders could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). When deciding whether there is a disputed, material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Every reasonable inference must be indulged in favor of the non-movant and any doubts must be resolved in her favor. *Id.* at 549.

Where, as here, the trial court specifies the ground on which the motion for summary judgment was granted, the appellate court should consider whether the trial court correctly granted summary judgment on that basis. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996); *Primo v. Garza*, No. 01-14-00480-CV, 2015 WL 777999, at *1 (Tex. App.—Houston [1st Dist.] Feb. 24, 2015, no pet.) (mem. op.). In the interest of judicial economy, an appellate court may consider other grounds that the movant preserved for review and the trial court did not rule on. *See Cates*, 927 S.W.2d at 626; *Primo*, 2015 WL 777999, at *1. However, it is not necessary to do so in the instant case.

**B.      Statute of Limitations**

A plaintiff must bring a suit for personal injuries within two years from the day the cause of action accrued. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). A timely filed suit does not suspend the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation. *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007). In other words, if a plaintiff files her original petition within the limitations period, but obtains service on the defendant outside of the limitations period, such service is valid only if the plaintiff exercised "diligence" in procuring service. *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009). When a plaintiff diligently effects service after the expiration of the statute of limitations, the date of service relates back to the date of the timely filing of her original petition. *Proulx*, 235 S.W.3d at 215.

When a defendant affirmatively pleads the defense of statute of limitations and shows that service occurred after the limitations period expired, the burden shifts to the plaintiff to prove her diligence. *Ashley*, 293 S.W.3d at 179; *Proulx*, 235 S.W.3d at 215–16. The plaintiff then must present evidence regarding the efforts made to serve the defendant and "explain every lapse in effort or period of delay." *Proulx*, 235 S.W.3d at 216. The issue is "whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Ashley*, 293 S.W.3d at 179

(internal quotations omitted). Our diligence inquiry examines (1) the time taken to procure citation, service, or both and (2) the type of effort or lack of effort the plaintiff expended in effecting service. *Proulx*, 235 S.W.3d at 216; *Harris v. Bell*, No. 14-16-00829-CV, 2018 WL 1057449, at *3 (Tex. App.—Houston [14th Dist.] Feb. 27, 2018, pet. denied) (mem. op.). A plaintiff's diligence is measured from the time she filed suit until the time the defendant was successfully served, and an explanation is needed for every period of delay. *Milcoun v. Werner Co.*, 565 S.W.3d 358, 362 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Sharp v. Kroger Tex. L.P.*, 500 S.W.3d 117, 119 (Tex. App.–Houston [14th Dist.] 2016, no pet.).

The question of the plaintiff's diligence in obtaining service is generally "one of fact"; however, a plaintiff's explanation of her efforts to obtain service may demonstrate a lack of diligence as a matter of law "when one or more lapses between service efforts are unexplained or patently unreasonable." *Proulx*, 235 S.W.3d at 216. If the plaintiff's explanation for the delay raises a material fact issue concerning her diligence of service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the plaintiff provided an insufficient explanation. *Id.*

Here, it is undisputed that Cuba's cause of action accrued on June 6, 2015, and the statute of limitations expired on June 6, 2017. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). Further, it is undisputed that Cuba timely filed her original

petition on May 30, 2017. However, Williams established that she was not served with Cuba's original petition until September 14, 2017—100 days after the expiration of the limitations period. Thus, the burden shifted to Cuba to demonstrate her diligence in effecting service on Williams. *See Ashley*, 293 S.W.3d at 179; *Proulx*, 235 S.W.3d at 215–16.

As evidence of diligence, Cuba attached the affidavit of her attorney to her response to Williams's motion. In the affidavit, Cuba's attorney testified:

> [D]ue to the statute of limitations running[,] I filed suit and then requested service within the next two [sic] days by the constable's office. The lawsuit was filed on May 30, 2017 (see the file) and request for service was filed on 06/09/2017.

> It appears that the summons service was not served until September 14, 2017. Service was effective and was not delayed by this office. The Constable's Office took over 60 days to issue the summons.

*Cf. Harris*, 2018 WL 1057449, at *4 (attorney's affidavit "d[id] not explain the reason for the delay or detail any efforts [plaintiffs] undertook to effect service on [defendant] during th[at] time"); *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 49 (Tex. App.—San Antonio 1999, pet. denied) ("[A]n offered explanation must involve diligence to seek service of process."). Cuba also attached to her response an "Official Receipt" from the district clerk showing payment of $77.00 on June 9, 2017. The receipt does not specify the reason for the $77.00 payment.

In her response, Cuba asserted that she first requested service of process on Williams on June 9, 2017, ten days after she filed her original petition and three days

15

after the limitations period expired. Cuba offered no explanation for her delay in requesting issuance of citation and service. *See Proulx*, 235 S.W.3d at 216; *Mauricio v. Castro*, 287 S.W.3d 476, 479 (Tex. App.—Dallas 2009, no pet.) ("Texas courts have consistently held that lack of diligence may be shown based on unexplained lapses of time between the filing of the suit, issuance of the citation, and service of process."); *see also Sharp*, 500 S.W.3d at 120 ("[A]n explanation is needed for *every* period of delay." (emphasis added)).

When Cuba did file her "Civil Process Request" on June 9, 2017, a copy of which is contained in the record, she requested service by certified mail, rather than by a constable as she asserted in her response to Williams's motion. Cuba also failed to fully complete her "Civil Process Request" form. Most importantly, Cuba failed to list her "Original Petition with Request for Disclosure" in response to the blank for the "SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served)" and she failed to list "Citation" in response to the blank for the "TYPE OF SERVICE/PROCESS TO BE ISSUED." The "Civil Process Request" form states that "[s]ervice requests which cannot be processed by th[e] office will be held for 30 days prior to cancellation. . . . Service requests may be reinstated upon appropriate action by the parties."

The record next shows that on August 22, 2017, Cuba sent a letter, directed to "Civil Intake," stating: "Please be advised that we . . . need[] a citation to be

16

prepared and service sent by constable service." Cuba's August 22, 2017 letter, a copy of which is contained in the record, was her first request for issuance of citation and service by constable on Williams. Cuba offered no explanation for her delay between May 30, 2017, the day she filed her original petition, and August 22, 2017, the day she sent her letter seeking issuance of citation and service by constable. Further, Cuba offered no explanation for her delay between June 9, 2017, the day she filed her deficient "Civil Process Request" seeking service by certified mail, and August 22, 2017, the day she sent her letter seeking issuance of citation and service by constable. *See Proulx*, 235 S.W.3d at 216; *Mauricio*, 287 S.W.3d at 479; *see also Sharp*, 500 S.W.3d at 120 ("[A]n explanation is needed for *every* period of delay." (emphasis added)).

The record further shows that the district clerk did not issue citation until September 7, 2017—sixteen days after Cuba's August 22, 2017 letter—and on September 12, 2017, the constable received the citation and a copy of Cuba's original petition. On September 14, 2017, the constable served Williams with the citation "together with the accompanying copy of" Cuba's original petition. Cuba offered no explanation for the delay between her August 22, 2017 letter, issuance of citation on September 7, 2017, and eventual service of process on Williams on September 14, 2017. *See Proulx*, 235 S.W.3d at 216; *Mauricio*, 287 S.W.3d at 479; *see also Sharp*, 500 S.W.3d at 120 ("[A]n explanation is needed for *every* period of delay."

17

(emphasis added)); *Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 590 (Tex. App.—Corpus Christi–Edinburg 1994, no writ) ("It is the responsibility of the one requesting service, not the process server to see that service is properly accomplished. Any deficiency in the server's performance is imputed to [the party seeking service]." (internal citations omitted)).

The duty to exercise diligence is a continuous one, extending until service is achieved. *Boyattia v. Hinojosa*, 18 S.W.3d 729, 733 (Tex. App.—Dallas 2000, pet. denied); *Taylor v. Thompson*, 4 S.W.3d 63, 65 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). Although it is the duty of the district clerk to issue a citation and deliver it as directed by the party requesting issuance, ultimately, it is the responsibility of the party requesting service to see that proper service is sufficiently reflected in the record. *See* TEX. R. CIV. P. 99(a) ("The party requesting citation shall be responsible for obtaining service of the citation and a copy of the petition."); *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994). Thus, when a party learns, or by the exercise of diligence should have learned, that the clerk has failed to fulfill his duty, it is incumbent upon the party to ensure that the job is done. *Boyattia*, 18 S.W.3d at 734; *see also Proulx*, 235 S.W.3d at 216 (we examine "the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service").

As noted above, Cuba provided no explanation for her delay between the filing of her original petition and her first attempt, albeit deficient, to request service of process by certified mail on June 9, 2017. *See Proulx*, 235 S.W.3d at 216; *Mauricio*, 287 S.W.3d at 479 ("Texas courts have consistently held that lack of diligence may be shown based on unexplained lapses of time between the filing of the suit, issuance of the citation, and service of process."); *see also Sharp*, 500 S.W.3d at 120 ("[A]n explanation is needed for *every* period of delay." (emphasis added)). Further, Cuba provided no explanation for her delay between the filing of her original petition and her request for issuance of citation and service of process by a constable on August 22, 2017. *See Proulx*, 235 S.W.3d at 216; *Mauricio*, 287 S.W.3d at 479; *see also Sharp*, 500 S.W.3d at 120. Moreover, Cuba offered no explanation for the delay between her August 22, 2017 letter, issuance of citation on September 7, 2017, and eventual service of process on Williams on September 14, 2017. *See Proulx*, 235 S.W.3d at 216; *Mauricio*, 287 S.W.3d at 479; *see also Sharp*, 500 S.W.3d at 120.

Moreover, even if we construed Cuba's August 22, 2017 letter as an attempt to follow-up with the district clerk to determine why her June 9, 2017 deficient request for service of process by certified mail never materialized, Cuba does not explain why it took her seventy-four days to follow-up with the district clerk. *See Stoney v. Gurmatakis*, No. 01-09-00733-CV, 2010 WL 1840247, at \*2–4 (Tex.

19

App.—Houston [1st Dist.] May 6, 2010, no pet.) (mem. op.) (plaintiff waited two months to inquire with clerk's office); *Boyattia*, 18 S.W.3d at 734 ("Although a party may ordinarily rely on the clerk to perform his duty within a reasonable amount of time . . . [the party seeking service] should have known the clerk was not fulfilling his duty to deliver the . . . citation within a reasonable time."); *see also Oyejobi v. Dollar Tree Stores, Inc.*, No. 14-15-00969-CV, 2017 WL 61838, at *2 (Tex. App.— Houston [14th Dist.] Jan. 5, 2017, no pet.) (mem. op.) (even mistake by clerk in not issuing requested service does not support diligence because "[i]t is ultimately the plaintiff's responsibility to ensure that citation is served on the defendant, and the plaintiff may not wholly ignore this duty for a lengthy period" (internal quotations omitted)). At the very least, Cuba's failure to act between her first, albeit deficient, request for service of process by certified mail on June 9, 2017 and her August 22, 2017 letter seeking issuance of citation and service by constable, constitutes a lack of diligence as a matter of law. *See Boyattia*, 18 S.W.3d at 734 ("A party who wholly ignores her duty to have the citation served on the defendant during a lengthy period of time the citation remains with the clerk does not manifest a bona fide intention to have process served."); *see also De La Cerda v. Jaramillo*, No. 01-17-00595-CV, 2018 WL 1189065, at *4–7 (Tex. App.—Houston [1st Dist.] Mar. 8, 2018, no pet.) (mem. op.) (plaintiff did not exercise diligence where plaintiff took no action during

six-week period); *Stoney*, 2010 WL 1840247, at *2–4 (no explanation for two-month delay in contacting clerk's office to inquire about issuance of citation).

We note that in her new-trial motion Cuba stated that two weeks after she "request[ed] service by certified mail," her "attorney's case manager and senior legal assistant began checking weekly and bi-weekly with the [d]istrict clerk's office for service noting that certified mail service c[ould] take a little longer when a defendant avoids picking up or signing the certified receipt for service and when there is a miscommunication[] or mistake by the district clerk's office unknown to the plaintiff which result[s] in service being unsuccessful." Further, according to Cuba, for an unexplained reason, on August 22, 2017, "it was determined . . . that the clerk's office had made some mistake with not issuing service" and Williams "should be served by personal service." Thus, Cuba "sent a letter on that same date requesting citation by personal service"; however, Williams was not "finally served [until] September 19, 2017 [sic] at 11:08 am." Notably, this "evidence" relied on by Cuba in her motion for new trial was not before the trial court at the time it decided Williams's motion, and thus, is not to be considered on appellate review. *See McMahan v. Greenwood*, 108 S.W.3d 467, 482–83 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (evidence attached to motion for new trial not before trial court when it granted summary judgment, thus appellate court did not consider it in summary-judgment appeal).

21

Based on the foregoing, we conclude that as a matter of law Cuba failed to use diligence in procuring citation and effecting service on Williams; thus, the date of service does not relate back to the date that Cuba filed her original petition. Accordingly, we hold that the trial court did not err in granting Williams summary judgment and dismissing Cuba's negligence claim against Williams based on the expiration of the statute of limitations.

We overrule Williams's second, third, fourth, and fifth issues.

**Conclusion**

We affirm the final order of the trial court.


Julie Countiss
Justice

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.

22